KEENE P. PETERSON and HELEN F. PETERSON, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent.
Peterson v. Commissioner
Docket No. 12677-82.
United States Tax Court
T.C. Memo 1984-554; 1984 Tax Ct. Memo LEXIS 116; 48 T.C.M. (CCH) 1422; T.C.M. (RIA) 84554; October 17, 1984. *116 Held, petitioner does not qualify for a deduction under section 217 for moving expenses in connection with commencing new work since he failed to satisfy the minimum work requirement. Held further, the adjustment for petitioner's failure to qualify for a moving expense deduction should be made to petitioner's 1979 return. Held further, petitioner is not entitled to a deduction for estimated professional expenses. Keene P. Peterson, pro se. Joseph T. Calhoub, for the respondent. STERRETT MEMORANDUM FINDINGS OF FACT AND OPINION STERRETT, Judge: *118 By notice of deficiency dated March 5, 1982, respondent determined a deficiency in petitioners' Federal income tax of $3,361.97 for the taxable year ended December 31, 1978. Because of concessions made by the parties, the issues for decision are: (1) Whether petitioners are entitled to a deduction for moving expenses under section 217 [1] with respect to amounts spent in 1978. (2) Whether petitioners have substantiated certain miscellaneous, itemized deductions claimed on their 1978 Federal income tax return. FINDINGS OF FACT Some of the facts have been stipulated and are so found. The stipulation of facts, together with the exhibits attached thereto, is incorporated herein by this reference. Petitioners Keene P. Peterson and Helen F. Peterson, husband and wife, lived in Longboat Key, Florida at the time they filed their petition in this case. They filed a joint Federal income tax return for 1978 with the Office of the Internal Revenue Service, Atlanta, Georgia. The amounts here in dispute relate to the activities *119 of Keene Peterson, and Helen Peterson is a party to this litigation only because she filed a joint return with her husband. When used hereinafter in the singular, "petitioner" will refer to Keene Peterson. On their income tax return for 1978, they claimed deductions for moving expenses, interest, taxes, and certain miscellaneous expenses. In his notice of deficiency, respondent disallowed the total amount of petitioner's deduction for moving expenses and disallowed a portion of the amount of each of petitioner's remaining deductions. In his petition, Peterson increased the amount of his claims for deductions for moving expenses, taxes, and interest. After concessions the amounts in dispute are $5,904.31 for moving expenses and $912.66 for miscellaneous expenses. Respondent concedes that petitioner is entitled to an additional deduction of $623.35 for taxes. Peterson was employed as a civilian by the Office of the Secretary of Defense in the military district of Washington, D.C. during the entire calendar year 1978. He retired from this position on January 13, 1979. Petitioner's wife was not employed in 1978 and Peterson makes no claim for a moving expense deduction *120 as to her. Anticipating retirement, petitioner made plans to move his family from McLean, Virginia to the Sarasota, Florida area. The Petersons sold their house in McLean, Virginia in August 1978 and closed on the purchase of their new residence in Longboat Key, Florida on August 31, 1978. Petitioner's wife and son, Kurt, Moved to Florida in August, 1978 in time for Kurt to begin the fall term in the public school system in Florida. Petitioner maintained temporary living quarters in McLean, Virginia until his retirement on January 13, 1979, after which he made his home in Longboat Key, Florida. Until his retirement, petitioner worked full-time in an executive capacity as a civilian training specialist for the Department of Defense. He was required to travel from his duty station at the Pentagon in Arlington, Virginia to different parts of the country to participate in or conduct training seminars. After his retirement, Peterson became a consultant to the Department of Defense under contract effective January 22, 1979 as a reemployed annuitant. He was required to perform substantially the same duties that he performed before retirement including traveling to various *121 parts of the country. Petitioner's travel vouchers show that, as a reemployed annuitant, he conducted most of his work in the Washington, D.C. area where he had his principal duty station at the Pentagon. Very occasionally he traveled on business to Fort Rucker in Alabama. Petitioner only worked part-time as a consultant for the Department of Defense. Petitioner's travel vouchers covering the period January 1979--August 1979 show that petitioner was away from his Florida home on business in the Washington, D.C. area (or occasionally Alabama) only part of each month. Some of his travel days fell on weekends. Petitioner's pay record for 1979 at the Department of Defense similarly shows that petitioner only worked part-time. The following table reconstructs from petitioner's travel vouchers and pay record the number of days petitioner traveled on business for the Department of Defense and the number of days petitioner was paid for working. Paid
Travel
Working Days
Days on Business
Jan.
8
13
Feb.
11
16
Mar.
14
16
April
3
16
May
5
11
June
19
27
July
10
15
Aug.
5
11
Sept. [2]
12
Oct.
13
Nov.
5
Dec.
3
*122 On August 13, 1979 petitioner was licensed by the State of Florida to sell real estate. On or about that date petitioner became a full-time, self-employed, independent contractor with Mission Realty, Inc., in Sarasota, Florida. Petitioner and his wife estimated many of the miscellaneous deductions claimed on their return. Petitioner presented no evidence to the Court to substantiate an amount of miscellaneous deductions over and above the amount allowed by respondent. OPINION Section 217(a) allows a deduction for moving expenses "in connection with the commencement of work by the taxpayer as an employee or as a self-employed individual at a new principal place of work." Among other requirements, to qualify for the deduction, the taxpayer who is self-employed must work full-time for at least 29 weeks in the 12-month period that immediately follows his arrival in the new location. Sec. 217(c)(2)(B). Petitioner is not entitled to the deduction for moving expenses. We find that petitioner arrived in the location of his new principal place of work for purposes of starting the clock running on the 39-week qualifying work period on or about January 13, 1979 when he retired *123 from the Department of Defense and gave up his temporary living quarters in McLean, Virginia.In this respect, we disagree with respondent's position that petitioner moved to his new location on or about August 31, 1978, the date petitioner settled on his house in Longboat Key and his wife and son moved to the new residence. Our finding is supported by the regulations implementing section 217 which provides: Generally, date of arrival is the date of the termination of the last trip preceding the taxpayer's commencement of work on a regular basis and is not the date the taxpayer's family or household goods and effects arrive. [Emphasis added.] Sec. 1.217-2(c)(4)(ii), Income Tax Regs. Thus, we direct our attention to Peterson's activities and not his wife's or his son's, and it is clear from the record that Peterson continued to live and work in the Washington, D.C. area until his retirement on January 13, 1979. Petitioner, nevertheless, is not entitled to a deduction on his 1978 Federal income tax return because he failed to satisfy the requirement that he worked in the new location for 39 weeks on a full-time basis inthe 12-month period immediately *124 following his move. Sec. 217(c)(2)(B). Petitioner claims he began work in his new location, i.e., the Sarasota area, when he started to work for the Department of Defense as a consultant on or about January 22, 1979. We disagree. "A taxpayer's 'principal place of work' usually is the place where he spends most of his working time." Sec. 1.217-2(c)(3)(i), Income Tax Regs. Peterson's travel vouchers generated by his work as a consultant to the Department of Defense show that he performed most of his work in the Washington, D.C. area. Furthermore, these travel vouchers and some personnel forms list Arlington, Virginia or the Pentagon as petitioner's duty station. We, therefore, find that petitioner did not begin work in his new location until he began his association with Mission Realty, Inc. sometime in August 1979. This was far too late in the year for Peterson to satisfy the 39-week work requirement following his arrival in Sarasota, Florida on or about January 13, 1979. Peterson fails to satisfy the 39-week qualifying test for a second reason. He did not work full-time until he became a real estate salesman. Petitioner's pay record and travel vouchers show that he performed *125 only part-time work as a consultant to the Department of Defense. On brief, petitioner argues that his pay record and travel vouchers do not provide a complete work history and that his work for the Department of Defense, as evidenced by these records, was augmented by support work he did at home for the job as well as by his preparation to become a real estate salesman. Petitioner presented no evidence to substantiate this additional work other than his naked assertion. An income tax deduction is a matter of legislative grace and the burden of clearly showing the right to the claimed deduction is on the taxpayer. Interstate Transit Lines v. Commissioner,319 U.S. 590, 593 (1943). Petitioner has failed to carry his burden of proof. Rule 142(a), Tax Court Rules of Practice and Procedure.[3]
Petitioner contends that, in the event he is not entitled to a deduction for moving expenses, an adjustment should be made to his 1979 return instead of his 1978 return. Petitioner relies on section 217(d)(2) and (3).This section allows a taxpayer, who has paid moving *126 expenses, to elect to deduct them in the year they are paid even though he has not yet satisfied the 39-week minimum period of employment condition provided that, at the time the taxpayer's return is due, there is still enough time in the unexpired portion of the 12-month period for the taxpayer to satisfy his minimum period of employment. If the taxpayer in the time that remains then actually fails to satisfy the minimum employment condition, an adjustment must be made to the next year's return. We agree with petitioner that the adjustment for moving expenses should be made to his 1979 return. Petitioner moved to new location on or about January 13, 1979. He then had a 12-month period in which to work 39 weeks in order to qualify for the deduction. Petitioner's qualifying period, therefore, expired on January 13, 1980. Under section 6072 petitioner's return was due on April 15, 1979. [4] There are exactly 39 weeks between April 15, 1979 and January 13, 1980.Petitioner, therefore, qualified for the section 217(d)(2) election and quite properly took a deduction for his moving expenses on his 1978 return. However, he subsequently failed to satisfy the minimum work *127 condition, and by the terms of section 217(d)(3), the amount of the deduction must therefore be added to his income on his 1979 return. In the notice of deficiency, respondent *128 allowed $279 of the $1,191.66 deduction for miscellaneous expenses which petitioner claimed on his return. During the trial, Peterson admitted that he estimated a large portion of his miscellaneous expenses. However,at trial he offered no evidence that he actually incurred these estimated expenses, nor did he substantiate their amount, testifying instead that it would cost him more in charges from the bank to get copies of checks for these expenditures than he could save in taxes. Petitioner asked the Court to apply the Cohan rule to allow him additional deductions. Cohan v. Commissioner,39 F.2d 540 (2d Cir. 1930). We decline to do so. Petitioner has not satisfied the necessary predicate to invoke the Cohan rule. He has not shown through other evidence that amounts were actually spent on the claimed items of deduction. Cohan v. Commissioner,supra at 543. Respondent's determination is therefore sustained. Decision will be entered under Rule 155.
Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954 as amended and in effect during the taxable year in issue.↩
2. There were no travel vouchers in the record for September, October, November, or December.↩
3. See also Baughn's Appliance, Inc. v. Commissioner,T.C. Memo. 1960-80↩.
4. In 1979, April 15 fell on a Sunday. Since this was not a business day, petitioner had until Monday, April 16, 1979 to file his return and it would still be considered timely. Section 7503. We have based our calculation on the April 15th date, rather than April 16th, since April 15 is the date the returns of calendar-year taxpayers, such as petitioner, are actually due. Section 6072. See also section 1.217-2(d)(2)(i), Income Tax Regs. We do not think the happenstance that April 15 fell on a weekend in 1979 should control our calculation. However, even if we use April 16 as a base date, petitioner still had exactly 39 weeks left in his qualifying period, since petitioner's qualifying period ended on Sunday, January 13, 1980, and under section 7503, he therefore had until Monday, January 14, 1980, the next business day, to fulfill the minimum work requirement. E-B Grain Co. v. Commissioner,81 T.C. 70 (1983). See also Snyder v. Commissioner,T.C. Memo. 1981-216↩.